UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM A. CHARLES,

      Petitioner,

      v.                            Case No. 05-C-529

MATTHEW FRANK, Secretary,
Wisconsin Department of Corrections,

      Respondent.

## ORDER OF DISMISSAL

On May 12, 2005, the petitioner, William A. Charles ("Charles"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. After conducting a Rule 4 review of Charles's petition, the court ordered the respondent to file an answer. On July 29, 2005, the respondent filed his answer. On August 9, 2005, the court set the briefing schedule for Charles's petition. Pursuant to the court's scheduling order, the petitioner's brief was due on or before October 3, 2005. On October 3, 2005, however, Charles filed a notice of appeal. Thereafter, on February 27, 2006, the Seventh Circuit Court of Appeals dismissed Charles's appeal for lack of jurisdiction. Charles's petition having returned to this court, on March 1, 2006, the court set a new briefing schedule for Charles's petition. Pursuant to the new scheduling order, Charles's brief was due on or before May 1, 2006. Charles, however, never filed a brief in support of his petition, and on June 8, 2006, the court ordered Charles to do so on or before June 22, 2006. Furthermore, in its June 8, 2006 order, the court stated that Charles's failure to file a brief in support of his petition on or before June 22, 2006 would be construed as a failure to diligently prosecute this action, and pursuant to Local Rule 41.3 the court

would dismiss Charles's petition for failure to prosecute.

Pursuant to Federal Rule of Civil Procedure 41 and Civil Local Rule 41.3, "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days." Charles failed to file a brief in support of his petition for a writ of habeas corpus on or before June 22, 2006. Such being the case, the court concludes that Charles is not diligently prosecuting this action. Accordingly, the court will dismiss this action without prejudice for lack of prosecution. Of course, Charles will have 20 days from the date of this order to petition the court for reinstatement of this action.

**NOW THEREFORE IT IS ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute;

**IT IS FURTHER ORDERED** that the petitioner has 20 days from the date of this order to petition the court for reinstatement of this action.

**SO ORDERED** this 23rd day of June 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

2